WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Edwards, | No. CV-24-03224-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is Defendant Social Security Administration ("SSA") Commissioner's denial of Plaintiff Sandra Edwards's Social Security disability insurance benefits. Plaintiff filed a Complaint (Doc. 1) on November 18, 2024, asking the Court to review the denial of her benefits. Plaintiff filed an Opening Brief (Doc. 14, Pl. Br.), to which Defendant filed a Response Brief (Doc. 15, D. Br.) and Plaintiff filed a Reply (Doc. 16, Pl. Reply). The Court has reviewed the briefs as well as the Administrative Record (Docs. 8–12, R.) and now finds that unresolved inconsistencies in the record render further review by an Administrative Law Judge (ALJ) appropriate. Accordingly, the Court remands the case to the SSA for further consideration.

**I.    Background**

Plaintiff applied for Social Security disability insurance benefits on May 26, 2019, alleging disability beginning July 18, 2017. (R. Ex. 5A at 4.) After Plaintiff's application was denied initially (R. Ex. 1B) and on reconsideration (R. Ex. 4B), she requested a hearing, which was held on August 22, 2022. (R. Ex. 5A at 4.) On October 5, 2022, an ALJ

issued a decision concluding that Plaintiff was not disabled and denying her claim. (R. Ex. 5A.) On July 17, 2023, the Appeals Council remanded the ALJ's decision for reconsideration with instructions to articulate the persuasiveness of all medical opinions and their supportability with evidence from the record. (R. Ex. 6A at 1, 3–4.) A second hearing was held on December 5, 2023. (R. at 38.) On February 23, 2024, the ALJ issued a decision again concluding that Plaintiff was not disabled and denying her claim. (R. at 17–29, ALJ Decision.) The Appeals Council declined to review that decision (R. at 1) and the present appeal followed.

The Court has reviewed the medical evidence and finds it unnecessary to provide a complete summary here. The only substantive issue Plaintiff raises is the ALJ's finding that physical therapist Katrina Herron's opinion—that Plaintiff had impaired strength and required a mobility aid (R. Ex. 8F at 3)—was not persuasive. (ALJ Decision at 11.) Any other pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ found that Plaintiff has the following severe impairments: arthritis, carpal tunnel and osteoporosis, status post vertebral and rib fractures and dysfunction of the left shoulder joint. (ALJ Decision at 4.) He also found that Plaintiff has a sedentary residual functional capacity ("RFC") with additional postural, mobility, and environmental limitations. (ALJ Decision at 6.)

## II. Legal Standard

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of

supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. Discussion

#### A. Physical Therapist Katrina Herron's Opinion

The parties stipulate that the ALJ erred in the process of finding that physical therapist Katrina Herron's opinion was not persuasive and that such error necessitates remand to the SSA. (Pl. Br. at 8; D. Br. at 4; *see* ALJ Decision at 11.) However, the parties

differ in their contentions about what should happen upon remand. Plaintiff argues that an improper rejection of P.T. Herron's opinion warrants a crediting of her opinion as true and remand for an immediate award of benefits, while Defendant requests remand under sentence four of 42 U.S.C. § 405(g) to further expand the record and resolve inconsistencies in the medical evidence. (Pl. Br. at 10; D. Br. at 3–4.)

Generally, remand for further administrative proceedings is the appropriate remedy if enhancement of the record would be useful. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). However, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. *See Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996); *Varney v. Sec'y of Health & Human Servs.,* 859 F.2d 1396, 1399 (9th Cir. 1988). More specifically, the district court should credit evidence that was rejected during the administrative process as true and remand for an immediate award of benefits when (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited as true. *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000); *see also McCartey v. Massanari,* 298 F.3d 1072, 1076–77 (9th Cir. 2002).

The Court agrees with Defendant that the record is insufficient for the Court to credit as true P.T. Herron's opinion and that any lack of support by the ALJ in weighing the opinion does not necessarily render the opinion true. (D. Br. at 4.) "[A]n ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a [. . .] witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1106 (9th Cir. 2014). Thus, P.T. Herron's opinion may only be credited as true if there are no outstanding issues or contradictions, and the record shows that, if P.T. Herron's opinion were true, Plaintiff

would be found disabled. *Harman*, 211 F.3d at 1178; *see also Dominguez v. Colvin*, 808 F.3d 403, 408 (9th Cir. 2015) (holding that remand, rather than a decision from a reviewing court, is appropriate "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act" (citations omitted)).

The parties have stipulated to the legal insufficiency of the ALJ's rejection of P.T. Herron's opinion, so the first prong is satisfied. With regard to the second and third prongs, P.T. Herron's opinions that Plaintiff had limited strength and function, unsafe body mechanics, and needed the assistance of a walker, among other findings (R. Ex. 23F at 2), contradicts consultative examiner Erica Neal's finding that Plaintiff "has a normal gait" and can walk without the use of an assistive device. (R. Ex. 8F at 3.) This contradiction leaves outstanding issues regarding Plaintiff's physical abilities and assistive needs that must be resolved before a determination of disability can be made. *See Harman*, 211 F.3d at 1178. Such contradiction precludes the Court from finding that the record as it stands requires a disability finding. *Id.* Accordingly, neither the second nor third prong has been satisfied.

On account of the unresolved inconsistencies in the record, the record has not been fully developed, precluding the Court from finding that Plaintiff is disabled. Because the parties agree that the ALJ's reasoning in his decision was insufficient, the Court will remand this case to the SSA for further review.

### B. Retroactive Application of 20 C.F.R. § 404.1560(b)(1)(i)

Under the current standard, effective June 22, 2024, regarding the SSA's consideration of a disability claimant's vocational background, past relevant work is defined as substantial gainful activity that a claimant has "done within the past five years." 20 C.F.R. § 404.1560(b)(1)(i). Prior to June 22, 2024, the SSA considered past relevant work "within the past 15 years." 20 C.F.R. § 404.1560(b)(1)(i). The prior standard applied when the ALJ rendered his decision in this case, and it was undisputed that Plaintiff had past relevant work within the previous 15 years. Plaintiff now argues that the current

standard of five years should apply retroactively to her disability claim.[1] (Pl. Br. at 7–8.) In support, she contends that she did not have relevant work experience within the past five years, such that, had the ALJ "issued a decision just four months later, [Plaintiff] would have been awarded" disability benefits, making "[d]enial of retrospective application [. . .] amount to manifest injustice to [Plaintiff]." (Pl. Br. at 6.) However, the SSA "expect[s] that Federal courts will review [the SSA's] final decisions using the rules that were in effect at the time [it] issued the decisions." Social Security Ruling, SSR 24-2p. Titles II and XVI: How We Evaluate Past Relevant Work, 89 FR 48479-01, 48479 n.1.

In her Reply, Plaintiff acknowledges that Ruling but continues to argue that her case is an exception because applying the regulation that was in effect at the time of the ALJ's decision "would result in manifest injustice." (Pl. Reply at 2–3 (citing *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 711 (1974)).) Generally, and consistent with SSA policy, courts apply the law in effect at the time of decision, but there exists a three-part test to determine whether an injustice would result from application of the law in place at the time of a decision instead of a law established after the decision. *See Bradley*, 416 U.S. at 716–17; *City of Great Falls v. U.S. Dept. of Labor*, 673 F.2d 1065, 1068 (9th Cir. 1982). "In determining whether it would work an injustice to apply a change in law to a pending case, the Supreme Court has directed courts to consider '(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law on those rights.'" *City of Great Falls*, 673 F.2d at 1068 (quoting *Bradley*, 416 U.S. at 717); *see Craft v. Heckler*, 1986 WL 98569 at *10 (D. Mont. July 28, 1986) (applying the three-part test in the social security context). None of the factors alone are dispositive. *City of Great Falls*, 673 F.2d at 1068.

In the instant case, the Court finds no manifest injustice in applying the regulation that existed at the time of the ALJ's decision. First, the nature and identities of the parties

---

[1] The Court acknowledges Defendant's counterargument that Plaintiff has past relevant work history under either version of the regulation (five or 15 years), but (1) the record makes it clear that the evidence Defendant points to as showing that Plaintiff's work ended in July of 2018, rather than 2017, is a mere typo on the part of the ALJ, and (2) the newer regulation is inapplicable in this instance regardless.

and the suit are standard for any agency review action. Second, Plaintiff has not contended—and the Court finds no evidence—that applying the existing law will "infringe upon or deprive" Plaintiff of any right. *See Craft*, 1986 WL 98569 at *10 (citing *Bradley*, 416 U.S. at 720). Third, the Court finds no evidence that the change in regulation—revising the prior work experience period from 15 to five years—changes the substantive obligations of the parties to the extent that the parties' behavior would have been different, and litigation would have been unnecessary, if the new regulation had been in effect at the time of the ALJ's opinion. *See City of Great Falls*, 673 F.2d at 1069. Without a finding of manifest justice, the Court declines to apply the updated regulation to this case.[2]

**IT IS THEREFORE ORDERED** this case is reversed and remanded to the Commissioner of the Social Security Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Administrative Law Judge will further develop the record as necessary and issue a new decision.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter final judgment and close this matter.

Dated this 8th day of August, 2025.

Honorable John J. Tuchi
United States District Judge

---

[2] While the Court will not apply the new regulation in the instant case, the agency may decide to apply the new regulation upon remand under SSR 24-2p, at which point Plaintiff will not have relevant past work experience within the five-year period and can argue to the ALJ that she is disabled under the Act. However, that possibility does not change the Court's disposition of the case, because the disability determination is the responsibility of the ALJ.

- 7 -